# IN RE KOHLER.

---

### PATENTS; PATENTABILITY.

1. Where patentable novelty has been denied by all of the tribunals of the Patent Office, it is incumbent upon one appealing therefrom to make out a clear case of error to obtain a reversal. (Following *Re Smith,* 14 App. D. C. 181; *Re Beswick,* 16 App. D. C. 345; and *See-*

*berger* v. *Dodge,* 24 App. D. C. 476.) This does not ignore the rule that where there is doubt, it should be resolved in favor of the applicant. (*Re Thomson,* 26 App. D. C. 419.)

2. Claims of an applicant for an enameled iron bathtub provided with an integral enameled flat rim approximately rectangular in shape, with one or more of the edges of the rim continuing downwardly to a plane near the bottom of the tub to form an inclosure integral with the tub and adapting the integral rim of the tub to be tiled into the floor and walls of a room, *held* not to be patentably novel, in view of references cited.

No. 1127, Patent Appeals.   Submitted January 15, 1918.   Decided February 4, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting the claims of an application for a patent.
*Affirmed.*

The facts are stated in the opinion.

*Mr. C. T. Milans* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Walter J. Kohler asserts that he invented a sanitary bathtub with certain features disclosed in his claims, of which there are eight. We give the first, which is characteristic of the others: "An enameled iron bathtub provided with an integral enameled flat rim approximately rectangular in shape, with one or more of the edges of the rim continuing downwardly to a plane near the bottom of the tub to form an inclosure integral with the tub and adapting the integral rim of the tub to be tiled into the floor and walls of a room." All the tribunals of the Patent Office denied the patentability of the claims over the six references appearing on the record of the Patent Office. This placed a heavy burden on Kohler; for we have repeatedly held "that where patentable novelty has been denied by all the expert tribunals of the Patent Office, it is incumbent upon one appeal-

ing therefrom to make out a clear case of error in order to obtain a reversal." *Re Beswick*, 16 App. D. C. 345, 350; see also *Re Smith*, 14 App. D. C. 181, 185; *Seeberger* v. *Dodge*. 24 App. D. C. 476, 481. This is as it should be. The members of the different boards are specialists, and their judgment should not be overturned except where it is manifest that it rests on error. This does not ignore the other rule that where there is doubt it should be resolved in favor of the applicant. *Re Thomson*, 26 App. D. C. 419, 426. We are not permitted to doubt where the Patent Office tribunals are unanimous, and there is nothing tending to show clear error on their part. We have read the record carefully, and adopt this statement of the Assistant Commissioner: "Bathtubs of similar construction, with the entire exposed surface enameled, are old, as shown in the patent to Clifford, No. 1,116,015, November 3, 1914. Applicant contends that it is invention to do away with the joint between the skirt and the top of the tub and to make a continuous enameled surface. The patent to Stephenson, No. 1,020,324, January 29, 1907, however, shows a wash bowl in which there is a smooth, unbroken, enameled surface over the top edge and depending skirt; and it is suggested as the proper construction for a bathtub. The prior art therefore teaches the mechanic how to make the applicant's construction, and no invention is required." The decision of the Assistant Commissioner rejecting all the claims of the applicant is affirmed.

*Affirmed.*